IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 3:21-CR-14 (CAR) |
| SUZANNE BROOKS | : |
| Defendant | : |

**PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

WHEREAS, on November 4, 2021, Defendant Suzanne Brooks (hereinafter "Brooks" or "Defendant"), pled guilty to Count One of the Superseding Information charging her with Wire Fraud, in violation of Title 18, United States Code, Section 1343;

AND WHEREAS, the Superseding Information contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited the following:

**MONEY JUDGMENT**

A. A personal money judgment in an amount to be determined, representing the total amount of proceeds traceable, directly or indirectly, to the offense(s) in violation of Title 18, United States Code, Section 1343; and

**JEWELRY**

B.   One (1) 14 karat white gold cushion cut ring, including eight (8) diamonds with a total weight of .26 carats, twenty-four (24) French cut sapphires with a total weight of .65 carats, and a round irradiated yellow diamond (center stone) with a total weight of .87 carats;

AND WHEREAS, the Defendant plead guilty to a written Plea Agreement to Count One of the Superseding Indictment charging that Brooks, devised and intended to devise a scheme to defraud Victim 1 and Victim 2 through their Companies QRA, QRC, MVT, R&S, and SBP, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions; all in violation of Title 18, United States Code, Section 1343;

AND WHEREAS, in her Plea Agreement, the Defendant consented to the entry of a personal money judgment in the amount of six hundred ten thousand, eight hundred fifty-seven dollars and ninety-nine cents ($610,857.99), representing the total amount of proceeds traceable, directly or indirectly, to the offense(s) in violation of Title 18, United States Code, Section 1343; and the forfeiture of one (1) 14 karat white gold cushion cut ring, including eight (8) diamonds with a total weight of .26 carats, twenty-four (24) French cut sapphires with a total weight of .65 carats, and a round irradiated yellow diamond (center stone) with a total weight of .87 carats;

AND WHEREAS, the Defendant voluntarily signed a Federal Bureau of Investigation Waiver of Ownership of Property form waiving any right, title, or interest in the jewelry, and agreeing not to contest the vesting title in the United States Government;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Brooks in the amount of six hundred ten thousand, eight hundred fifty-seven dollars and ninety-nine cents ($610,857.99), and the specific jewelry agreed to by the Defendant in her Plea Agreement;

WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant's Plea Agreement, (1) that Defendant has an ownership interest in the jewelry; (2) that the jewelry is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c); and (3) that the United States has established the requisite nexus between the aforesaid offense and the jewelry;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the personal money judgment amount, jewelry, and the offense(s) of conviction, and the Defendant shall forfeit to the United States the following, to wit:

**MONEY JUDGMENT**

A.  A personal money judgment in an amount of six hundred ten thousand, eight hundred fifty-seven dollars and ninety-nine cents ($610,857.99), representing the total amount of proceeds traceable, directly or indirectly, to the offense(s) in violation of Title 18, United States Code, Section 1343; and

**JEWELRY**

B.  One (1) 14 karat white gold cushion cut ring, including eight (8) diamonds with a total weight of .26 carats, twenty-four (24) French cut sapphires with a total weight of .65 carats, and a round irradiated yellow diamond (center stone) with a total weight of .87 carats.

2.  Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the jewelry, and to conduct any discovery that may assist in identifying, locating or disposing of the jewelry or substitute assets, and to commence any applicable proceeding to comply with statutes

governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary as to the judgment for a sum of money. FED. R. CRIM. P. Rule 32.2(c)(1).

3.  To the extent that the foregoing property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the jewelry in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the jewelry.

4.  Any person, other than the above-named Defendant, asserting a legal interest in the jewelry must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, [www.forfeiture.gov](www.forfeiture.gov), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the jewelry, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

5.  Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this

Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the jewelry following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C), for the filing of third-party petitions.

9. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

10. As issued this date, this Order of Forfeiture/Money Judgment includes a judgment for a sum of money. The United States may, at any time, move pursuant to

FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

11. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

**SO ORDERED**, this 15th day of February, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
